UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-03437-AB-GJS | Date: | July 7, 2022 |
|---|---|---|---|

| Title: | *People of the State of California v. Jacquelyn Miller* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER <u>SUMMARILY REMANDING IMPROPERLY REMOVED CRIMINAL CASE</u>

    Defendant Jacquelyn Miller ("Defendant") removed this criminal action from Superior Court. In the underlying criminal action, Defendant was charged with several traffic infractions and was convicted at trial; the conviction was affirmed on appeal. *See* Notice of Removal ("NOR") ECF pp. 109, 122, 143-145. The removal was untimely and furthermore, this case not eligible for removal. Accordingly, the Court summarily remands this matter.

    The removal was untimely. "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless a removing party can show good cause to extend the filing date. 28 U.S.C. § 1455(b)(1). Defendant states that her arraignment was on July 14, 2021. *See* NOR ECF p. 3, ¶ 9. Defendant did not remove this action until May 20, 2022, which is more than 30 days after the arraignment. Defendant has not shown good cause for extending the filing date, let alone for extending it for so long.

Defendant's case was not removable in any event. A criminal defendant may remove a case to the United States District Court if the prosecution is "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all the persons within the jurisdiction thereof." 28 U.S.C. § 1433(1). The Supreme Court has held repeatedly that removal under § 1443(1) will only be permitted if the defendant can satisfy a two-part test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). It must appear that the defendant is: (1) deprived of rights guaranteed by federal laws providing for racial equality; and (2) denied or cannot enforce his rights in state court usually because of a state statute or constitutional provision. *Id.*; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006).

Defendant cannot satisfy this test. Defendant does not point to any California statute or constitutional provision that deprives her of her ability to enforce federal rights for racial equality. Indeed, California has numerous statutory and constitutional provisions designed precisely to protect the rights of its citizens.

"If it clearly appears . . . that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Because removal was both untimely and substantively improper, the Court **SUMMARILY REMANDS** this case to the state court from which Defendant remove it.

**IT IS SO ORDERED**.